UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 22-2027 JFW (PVC)                                    Date:  November 17, 2022

Title         Christian Moreno v. Trent Allen, Acting Warden

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

|  |  |
|---|---|
| Marlene Ramirez | None |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE
MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT
THIS ACTION BE DISMISSED BECAUSE IT CONTAINS
UNEXHAUSTED CLAIMS**

On November 1, 2022, Christian Moreno (Petitioner), a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1 at 104).[1]  The Petition raises three grounds for federal habeas relief: (1) insufficiency of the evidence; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel.  (*Id.* at 5–6).  However, the Petition is subject to dismissal because Petitioner admits that Grounds Two and Three are unexhausted.  (*Id.*).

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  Here, the postmark indicates that the Petition was mailed on November 1, 2022.  For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    SACV 22-2027 JFW (PVC)                    Date:  November 17, 2022

Title       Christian Moreno v. Trent Allen, Acting Warden

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").  The Ninth Circuit has instructed that lower courts are not obligated "'to act as counsel or paralegal to *pro se* litigants'" by explaining "'the details of federal habeas  procedure ....'" *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).  However, the Court may provide a *pro se* litigant with "accurate instruction" before dismissing a mixed petition.  *See id.* at 786 ("The district court gave [petitioner] accurate instruction before dismissing his mixed petition without prejudice.  *Pliler* does not allow us to require anything more.").

Here, Petitioner admits that Grounds Two and Three of the Petition are unexhausted because they were never raised before the California Supreme Court.  (*See* Petition at 5–6).  Accordingly, the Petition is subject to dismissal and Petitioner has five available options:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    SACV 22-2027 JFW (PVC)                              Date:  November 17, 2022

Title       Christian Moreno v. Trent Allen, Acting Warden

 

      **Option 1:**   If, upon further reflection, Petitioner wishes to contend that all of his claims are exhausted, he should append to his response copies of any document, such as his state court briefs or petitions, establishing that each ground is exhausted.  If Petitioner admits that he has not exhausted a particular claim or claims, he must select one of the following options.

      **Option 2:**  Petitioner may request a voluntary dismissal of this *action* without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

      **Option 3:**  Petitioner may request a voluntary dismissal of *any unexhausted claim* and elect to proceed only on his exhausted claims.  Petitioner may also use the attached Notice of Dismissal form to select this option.  However, Petitioner is advised that if he elects to proceed without the unexhausted claim(s), any future habeas claims that could have been raised in the instant Petition may be rejected as successive.

      **Option 4:**  Petitioner may request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  Under *Rhines*, the Court is empowered to stay all of the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust any already pled, but unexhausted, claim(s).  *See id.* at 277–78.  To obtain a stay pursuant to *Rhines*, Petitioner is required to show good cause for his failure to exhaust any unexhausted claim(s) in state court and to establish that each unexhausted claim is not "plainly meritless."  *See id.* at 277.

      **Option 5:**  Petitioner may request a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  Under *Kelly*, Petitioner would have to dismiss any unexhausted claim(s), but the Court would be empowered to stay any remaining, fully exhausted claims while he returned to the state courts to exhaust the unexhausted claim(s).  *See id.* at 1070–71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    SACV 22-2027 JFW (PVC)                    Date:  November 17, 2022

Title       Christian Moreno v. Trent Allen, Acting Warden


Unlike a *Rhines* stay, a stay under *Kelly* does not require a showing of good cause.  *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).  A *Kelly* stay requires compliance with the following three-step procedure: (1) the petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) the petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition."  *Id*.; *see also Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 n.4 (9th Cir. 2015) (quoting same).

Petitioner is cautioned, however, that he will be allowed to amend his Petition to add any newly exhausted claims following a *Kelly* stay only if the AEDPA statute of limitations has not yet expired, or if the claims "relate back" to the timely exhausted claim(s) in the pending petition.  *King*, 564 F.3d at 1140–41.  A claim relates back if it shares a "common core of operative facts" with one or more of the claims in the pending petition.  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  Therefore, as the Ninth Circuit has cautioned, "compared to the *Rhines* procedure, '*Kelly* is not only a more cumbersome procedure for petitioners, but also a riskier one.'"  *Mitchell*, 791 F.3d at 1171 n.4 (quoting *King*, 564 F.3d at 1140).  "[F]rom the perspective of the petitioner, the downside of the *Kelly* procedure is that there is no assurance that the claims added to the petition after exhaustion will be considered timely filed."  *Mitchell*, 791 F.3d at 1171 n.4.

In sum, the Court **ORDERS** Petitioner to file a response, within **14 days** of the date of this Order, specifically stating which of the five options he wishes to pursue.  To select Option One, Petitioner must file a declaration signed under penalty of perjury and attach copies of any documents establishing exhaustion of each of his three claims.  To select Options Two or Three, Petitioner may use **the attached Notice of Dismissal form** and fill it out according to his choice to dismiss either the entire action or only his unexhausted claims.  To select Options Four or Five, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to either *Rhines* or *Kelly*.  If Petitioner wishes to obtain a stay pursuant to *Rhines*, he must also set forth good cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 22-2027 JFW (PVC)                              Date:  November 17, 2022

Title        Christian Moreno v. Trent Allen, Acting Warden

for his failure to have exhausted any particular claim(s) and show why each unexhausted claim is not plainly meritless.

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order <u>will</u> result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |