UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 22-2027 JFW (PVC)                                   Date: January 26, 2023

Title       Christian Moreno v. Trent Allen, Acting Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| :---: | :---: |
| None | None |

**PROCEEDINGS:**   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE STAY IN THIS ACTION SHOULD NOT BE LIFTED FOR PETITIONER'S FAILURE TO FILE A STATUS REPORT AND THIS ACTION NOT BE DISMISSED BECAUSE THE PETITION CONTAINS UNEXHAUSTED CLAIMS

On November 1, 2022, Christian Moreno ("Petitioner"), a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1 at 104).[1]  The Petition raises three grounds for federal habeas relief: (1) insufficiency of the evidence; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. (*Id.* at 5–6).  Petitioner admits that Grounds Two and Three are unexhausted. (*Id.*).

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  Here, the postmark indicates that the Petition was mailed on November 1, 2022.  For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 22-2027 JFW (PVC)                                    Date:  January 26, 2023

Title      Christian Moreno v. Trent Allen, Acting Warden

     On December 8, 2022, the Court granted Petitioner's request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he could exhaust Grounds Two and Three. (Dkt. No. 10).  As a condition of the stay, Petitioner was ordered to file a status report beginning on January 17, 2023, and every 45 days thereafter.  (*Id.* at 4).  Petitioner was instructed that each status report "must set forth the status of each pending or anticipated state habeas petition and all activity that has occurred since the filing of the previous Status Report, including the name of the court where Petitioner's most recent state habeas petition was filed and the status of that petition."  (*Id.* at 4–5).  Petitioner was also instructed to "attach a current copy of any filings made by Petitioner and any orders or decisions that the state court has issued."  (*Id.* at 5).  The Court expressly admonished Petitioner "**to act diligently in exhausting Grounds Two and Three**" and that any "**[f]ailure to act diligently in exhausting Grounds Two and Three may result in a recommendation that the stay be lifted, and this action dismissed without prejudice for failure to exhaust.**"  (*Id.* at 4).  Petitioner was also warned that any "**[f]ailure to file a required Status Report in accordance with this Order may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.**"  (*Id.* at 5).

     As noted, Petitioner's first status report was due January 17, 2023.  However, as of the date of this Order To Show Cause ("OSC"), Petitioner has neither filed a status report nor requested an extension of time in which to do so.

     Accordingly, Petitioner is **ORDERED TO SHOW CAUSE**, within **21 days** of the date of this Order, why the stay in this action should not be lifted for Petitioner's failure to file the required status report and this action not be dismissed because the contains unexhausted claims.  Petitioner may discharge this OSC by filing either (1) a status report setting forth the information required by the Court's December 8 Order granting a stay or (2) a declaration, under oath, explaining why he is unable to do so.  <u>Petitioner is advised that if the stay is lifted, the Court will recommend that the Petition be dismissed because it contains unexhausted claims.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 22-2027 JFW (PVC)                              Date:  January 26, 2023

Title        Christian Moreno v. Trent Allen, Acting Warden

    Alternatively, if Petitioner no longer wishes to pursue his unexhausted claims, he may voluntarily dismiss them.  Petitioner is cautioned, however, that if he voluntarily dismisses his unexhausted claims, those claims may be barred as untimely or successive if he attempts to reassert them in a future habeas action.  **A blank notice of dismissal is attached for Petitioner's convenience.**

    **Petitioner is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline may result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

    IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |