**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN MORENO,<br><br>                    Petitioner,<br><br>        v.<br><br>TRENT ALLEN,<br><br>                    Respondent. | Case No. 8:22-cv-02027-HDV (PVC)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report and Recommendation ("Report") recommends denial of the Petition and dismissal of this action with prejudice. (ECF No. 38.)  As explained below, Petitioner's objections to the Report (ECF No. 41) does not warrant a change to the Magistrate Judge's findings or recommendation.

Petitioner objects that the evidence was insufficient to support his conviction for sexual penetration by a foreign object or force because of the lack of specificity in the victim's recall of the incident. (ECF No. 41 at 2-3.)  But this argument was

addressed comprehensively by the California Court of Appeal and the Magistrate Judge's Report.  As they explained, the victim's memory at trial was not as clear as when she was interviewed at the time of the incident and, in any event, the jury could credit the testimony of officers and the nurse that the victim stated she was penetrated by Petitioner's finger.  (ECF No. 28-8 at 4-5; ECF No. 15 at 14-15.)  Plaintiff's objection does not overcome their analysis.

Petitioner objects that his trial counsel was ineffective for failing to call the principal, assistant principal, and school nurse to testify at trial.  (ECF No. 41 at 4-7.)  He supports his objection with an affidavit from his mother, a school bus driver whose route included the school where the incident happened.  (*Id*. at 7.)  In the affidavit, Petitioner's mother states that the principal reassured her the victim "was unharmed."  (*Id*.)  This hearsay evidence does not overcome the Report's analysis that the claim is entirely speculative.  (ECF No. 38 at 17.)  As the Report found, Plaintiff "does not provide affidavits from the potential witnesses indicating that they are willing to testify or describing the 'helpful' testimony they would have provided."  (*Id*.)

Petitioner objects that his appellate counsel was ineffective for failing to argue on appeal that some of the jurors knew some of the witnesses.  (ECF No. 41 at 8-9.)  But as the Report found, Petitioner's allegations are unsupported by the trial record, which failed to establish the personal connections Petitioner alleged.  (ECF No. 38 at 19.)  Thus, appellate counsel could not have been ineffective for failing to raise an unsupported claim of juror bias.  (*Id*. at 20.)

In sum, Petitioner's objections are overruled.

\\

\\

\\

\\

\\

2

**ORDER**

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: __July 19, 2024_____

_____
HERNAN D. VERA
UNITED STATES DISTRICT JUDGE